## IN THE UNITED STATES DISTRICT COURT
## FOR THEDISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLONY INSURANCE CO. | ) | |
| | ) | Case No. 07-834 |
| | ) | |
| Plaintiff, | ) | **DECLARATORY JUDGMENT** |
| | ) | **ACTION** |
| v. | ) | |
| | ) | |
| MECHANICAL INTERGRITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### AFFADAVIT OF MAILING

I, Daniel L. McKenty, being duly sworn, deposes and says:

1.      I am an attorney admitted to practice before the United States District

Court for the District of Delaware and I am a partner in the law firm of Heckler &

Frabizzio, counsel for Colony Insurance Company, Inc. ("Colony"), plaintiff herein.

2.      On February 12, 2008, I caused to be mailed by registered mail, return

receipt requested, a letter enclosing a copy of the copy of the Complaint, pursuant to 10

Del. C. § 3104, to Mechanical Integrity, Inc. 1423 First Street, Suite A, Humble Texas

77338 attached as Exhibit A.  An authorized representative of Mechanical Integrity

received the document on February 19, 2008 as evidenced by the return receipt attached

as Exhibit B.

Dated this 26th day of February 2008

_____
Daniel L. McKenty

SWORN AND SUSCRIBED before me the day and year foresaid.

Notary Public
My commission expires:

# EXHIBIT A

# HECKLER & FRABIZZIO

ATTORNEYS AT LAW

THE CORPORATE PLAZA

800 DELAWARE AVENUE

SUITE 200

POST OFFICE BOX 128

WILMINGTON, DELAWARE 19899-0128

GEORGE B. HECKLER, JR.
ANTHONY M. FRABIZZIO
MARIA PARIS NEWILL
DANIEL L. McKENTY
WILLIAM D. RIMMER*
JOHN W. MORGAN
JOHN GILBERT*
DAVID R. BATMAN
PATRICK G. ROCK▲
CHERYL A. WARD
ROBERT J. DEARY*
KRISTA E. BUTLER*
AYESHA S. CHACKO*
CASEY W. LESIAK⁺

AREA CODE 302
573-4800

TELECOPIER
573-4806

\* DELAWARE AND PENNSYLVANIA BAR
▲ DELAWARE, MASSACHUSETTS AND
  MAINE BAR
⁺ PENNSYLVANIA BAR ONLY

February 12, 2008
Refer to PI07-17829

*BY REGISTERED MAIL*
*RETURN RECEIPT REQUESTED*
Mechanical Integrity, Inc.
1423 First Street, Suite A
Humble, TX  77338

RE:   Colony Insurance Co. v. Mechanical Integrity
      Claim No. C145359; D/L  11/18/05

Dear Sirs:

You have been named as a Defendant in the Complaint filed in the above-captioned civil action in the United States District of Delaware on December 20, 2007. In accordance with the provisions of 10 Del. C. § 3104, enclosed herewith is a copy of the Summons and Complaint, served upon the Secretary of State of the State of Delaware on February 7, 2008 in connection with the above captioned case.

The purpose of this letter is to advise you that service of the original of such process has been upon the Secretary of State of the State of Delaware, and that under 10 Del. C. § 3104 such service is effectual to all intents and purposes as if it had been made upon you personally within this state.

Very truly yours,

Daniel L. McKenty

Enclosures

*P. 2 of 2*
*Included*

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

Coliny Insurance Co

V.

Mechanical Integrity, Inc.

SUMMONS IN A CIVIL CASE

CASE NUMBER: 07-834 SLR-LPS

TO: (Name and address of Defendant)   Mechanical Integrity Inc. c/o
Secretary of State of Delaware in
accordance with 10 Del C. § 3104.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel L. McKenty
Heckler & Frabizzio
800 Delaware Ave
Suite 200
Wilmington, DE 19801

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO                                      JAN - 4 2008

_____          _____
CLERK                                                 DATE

_____
(By) DEPUTY CLERK

AO 440  (Rev. 8/01)   Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the summons & complaint was made by me[(1)] | 2/4/2008 @ 3:52 p.m. |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| Michael J. Dellose | Special Process Server |

*Check one box below to indicate appropriate method of service*

[X]  Served  personally  upon  the defendant by serving **Karen Charbonneau, government employee, c/o Secretary of State, Duke of York Street @ Federal Lane, Dover, DE 19901**

**50, F, W, 5'6", 140 pounds, blonde hair, no glasses**

[]  Left copies thereof at the defendant's house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were

[]  Returned unexecuted:

[]  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on __2/7/2008__
              Date

Michael J. Dellose

O'ROURKE INVESTIGATIVE ASSOCIATES, INC.
1225 King Street, Suite 400
P. O. Box 368
Wilmington, DE  19899-0368

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

℀JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
*Colony Insurance Company*

### DEFENDANTS
*Mechanical Integrity, Inc.*

(b) County of Residence of First Listed Plaintiff *Richmond, VA*
(EXCEPT IN U.S PLAINTIFF CASES)

County of Residence of First Listed Defendant *Harris County, TX*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
*Heckler & Frabizzio, 800 Delaware Ave, Wilmington, DE 19801*

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S Government Not a Party)

☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): *28 USC §2201; 10 Del. C. §3114*
Brief description of cause: *Declaratory Judgment*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ *Equitable Relief*
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER *07-346*

DATE *12/20/07*
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COLONY INSURANCE CO.                )
                                    )
        Plaintiff,                  )      **DECLARATORY JUDGMENT**
                                    )      **ACTION**
        v.                          )
                                    )
MECHANICAL INTERGRITY, INC.         )
                                    )
        Defendant.                  )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Colony Insurance Company ("Colony"), as and for its declaratory judgment complaint against Defendant, Mechanical Integrity, Inc. ("MI") alleges as follows:

### Nature of Action

1.      This is an action requesting the Court to issue a declaratory judgment denying that plaintiff Colony must indemnify and/or defend MI in a suit brought against MI by E.I. Du Pont de Nemours and Company ("DuPont") in this court based on an insurance policy issued to MI from Colony.

### The Parties

2.      Plaintiff, Colony, is an insurance company with its place of domicile in Richmond Virginia.  Colony is licensed to provide insurance in the State of Delaware.

3       Defendant, Mechanical Integrity, Inc. ("MI") is a Texas Corporation with its principal place of business located at 1423 First Street, Suite A, Humble, Texas 77338.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because diversity of citizenship exists between plaintiff and the defendant, and the value of the object of the underlying litigation exceeds $75,000.

5.     The Court has personal jurisdiction over the defendant pursuant to 10 Del. C. § 3104.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

## Facts

7.     On June 1, 2007, MI was sued in the District Court of Delaware in E. I. Dupont de Nemours and Company v. Mechanical Integrity, Inc., Civil Action No: 07-346.

8.     The Complaint in the above-captioned matter alleged that MI committed breach of contract, misrepresentation, and fraud based upon a 2004 contract between MI and Dupont, a Delaware Corporation.  Pursuant to that contract, MI was required to perform an inspection of approximately 3,600 feet of pipeline used to transport chloroform, a hazardous material, to Dupont's Louisville Kentucky facility.  Due to MI's alleged failure to properly conduct the inspection, a serious leak in the pipeline caused a chloroform leak and DuPont was forced to expend over $2,000,000 to remediate the area where the leak occurred.  (See Copy of DuPont Complaint attached hereto as Exhibit A).

9.     At all times pertinent, Colony issued and had in full force and effect a policy of insurance to MI with policy number GL120585 (the "Policy").

10.    On June 25, 2007, MI filed a claim with Colony requesting defense and indemnity pertaining to the Dupont suit.

11.    The Policy specifically included a Hazardous Materials Exclusion Endorsement, which excluded any claims, which arose out of:

> a.    Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred in whole or part but for the actual, alleged, or threatened discharge, dispersal, seepage migration, release or escape of "hazardous materials" at any time.
> b.    Pollution cost or expense.
> c.    Any obligations to share damages with or indemnify another party whom must pay damages because of injury or damage relating to "hazardous materials".
> d.    Any supervision, instructions, recommendations, warning or advice which should have been given in connection with paragraphs (1), (2), or (3) above.

12.    The Policy also specifically included a Professional Services Exclusion Endorsement, which excluded any claims for "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from the rendering or failure to render any "professional service" except by endorsement to the Policy and only to the extent of such endorsement. The policy defined "Professional Services" as "engineering services including any related supervisory or inspection services".

13.    MI's actions of contracting with DuPont to inspect a pipeline used to transport chloroform, a hazardous material, and allegedly negligently performing these actions falls squarely within the purview of the Hazardous Materials and Professional Services Exclusions found in the Policy.

14.    Further, if it is proven that MI committed fraud, as alleged in the Complaint, the Policy is void as to any claim as it relates to the allegations of fraud.

15.    As such, MI's claim is not covered under the Policy because it is excluded by the specific policy exclusions enumerated above.

**WHEREFORE,** Plaintiff respectfully requests the Court to enter an Order pursuant to 28 U.S.C. § 2201 declaring the rights of parties to this action, declaring that Plaintiff is under no duty to indemnify or defend under the Policy of insurance issued by Plaintiff to Defendant, and costs, attorneys' fees, and for any other relief which the Court deems appropriate.

HECKLER & FRABIZZIO

DANIEL L. MCKENTY (I.D. No. 2689)
KRISTA E. BUTLER (I.D. No. 4526)
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE  19899-0128

CERTIFIED: 1/4/08
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY
Deputy Clerk

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 DEC 20  PM 3: 21

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.  0 7 - 8 3 4

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 2 _____ COPIES OF AO FORM 85.

_12/20/27_
_____
(Date forms issued)

_Krista Butler_
_____
(Signature of Party or their Representative)

_Krista Butler_
_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

# EXHIBIT B

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)    C. Date of Deliver

1. Article Addressed to:

MECHANICAL INTEGRITY
1423 FIRST St. SUITE A.
HUMBLE, TX 77338

D. Is delivery address different from item ?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandis
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
(*Transfer from service label*)    RB 690 330 106 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15