## Zukowski, Bresenhan & Sinex, L.L.P.

ATTORNEYS AT LAW

SUITE 1100
1177 WEST LOOP SOUTH
HOUSTON, TEXAS 77027

Maurice Bresenhan, Jr.
Partner

(713) 965-9969

FAX: (713) 963-9169
E-MAIL: mbresenhan@zbsllp.com

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 MAR -6  PM 1:49

March 3, 2008

**Via Certified Mail, R.R.R.**
Peter T. Dalleo, Clerk
United States District Court
District of Delaware
844 N. King Street
Wilmington, Delaware 19801

Re:    Case No. 1:07-CV-00834; *Colony Insurance Co. v. Mechanical Integrity, Inc.*; In the
       United States District Court for the District of Delaware  -SLR

Dear Mr. Dalleo:

Please find enclosed the original and one (1) copy of the following for filing in the
above-referenced case in your normal and customary manner:

1.    **Mechanical Integrity, Inc.'s Motion to Dismiss, Motion to Transfer Venue,
      and, Subject Thereto, Its Original Answer to Colony Insurance Co.'s
      Complaint.**

Please return a file-stamped copy of the document to me using the self-addressed
stamped envelope enclosed herein. Thank you for your attention to this matter.

Yours truly,

Maurice L. Bresenhan, Jr.

Encl.

G:\M\MEC01MechInteg\Colony Declaratory Judgment Action\Ltr (Clerk) 3-3-08.doc

Cc:    Daniel L. McKenty
       Krista E. Butler
       Heckler & Frabizzo
       800 Delaware Ave., Suite 200
       P.O. Box 128
       Wilmington, DE 19899-0128
       **Via Facsimile: 302-573-4806;**
       **E-mail: dmckenty@hfddel.com; and**
       **Via Certified Mail, R.R.R.**

FILED

MAR - 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

COLONY INSURANCE CO.                    )(
                                        )(    **CASE NO. 1:07-CV-00834 -SLR**
v.                                      )(
                                        )(    **DECLARATORY JUDGMENT**
MECHANCIAL INTEGRITY, INC.              )(    **ACTION**

## MECHANICAL INTEGRITY, INC.'S
## MOTION TO DISMISS, MOTION TO TRANSFER VENUE,
## AND, SUBJECT THERETO, ITS ORIGINAL ANSWER TO
## COLONY INSURANCE CO.'S COMPLAINT

Defendant Mechanical Integrity, Inc. ("MII") files its Motion to Dismiss

pursuant to F.R.C.P. 12(b)(2), Motion to Transfer Venue pursuant to 28 U.S.C.

§ 1391, and, subject thereto, responds to the pending Complaint for

Declaratory Judgment filed by Plaintiff Colony Insurance Co. ("Colony") as

follows:

### I.

### INTRODUCTION

1.01.  Plaintiff asks the Court to interpret a policy of insurance issued to MII.

This request was triggered by DuPont's recent lawsuit against MII seeking

damages resulting from a series of inspections that MII and its agents performed at DuPont's Louisville, Kentucky facility. MII requested a defense and indemnity to DuPont's lawsuit under multiple policies of insurance written by Colony.

1.02.   MII is a resident of Humble, Harris County, Texas, and has been a Texas resident during all relevant times. Colony is a Virginia resident and has been such at all relevant times. MII is not a Delaware resident and it has never conducted any business in Delaware. MII has no employees, agents, or offices in Delaware and does no advertising in Delaware. This declaratory judgment action concerns a policy of insurance issued in Texas. The insurance policy was solicited from Colony by MII from its Humble, Texas offices and all communications concerning the Policy were generated by MII from Humble, Harris County, Texas.

1.04.   This Court simply cannot maintain personal jurisdiction over MII. The Delaware long-arm statute does not reach MII. MII has never conducted any business in the State of Delaware and has never purposefully availed itself to the protections and rights afforded under Delaware law. Additionally, should this Court require MII to defend itself in Delaware, MII will be forced

to present a defense in a jurisdiction that it has never contacted. In essence, this Court would be violating MII's Due Process rights by requiring such a defense. Additionally, MII would suffer a great burden by being required to defend itself in a foreign jurisdiction in which: 1) none of the actions complained of took place, 2) none of the witnesses reside, and 3) neither of the parties are residents.

1.05. In the unlikely event that this Court determines that it does have personal jurisdiction over MII, venue is not proper in Delaware. Plaintiff has asserted diversity as the sole basis of this Court's subject matter jurisdiction. However, Plaintiff is a Virginia resident and MII is a Texas resident and none of the actions complained of took place in Delaware. Therefore, the general venue provisions rule out Delaware as a place of proper venue.

## II.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURSIDCITON

2.01. Defendant MII files this Motion to Dismiss for lack of personal jurisdiction as authorized by Federal Rule of Civil Procedure 12(b)(2).

### A.    *Evidence In Support of Motion to Dismiss*

2.02. Defendant MII incorporates by reference the Affidavit of Harris

Lowenhaupt attached hereto as Exhibit 'A.'

### B.    Background and Brief Facts

2.03.  On June 1, 2007, MII was sued in the District Court of Delaware in Civil Action No. 07-346 styled *E.I. DuPont de Nemours and Company v. Mechanical Integrity, Inc.*  The lawsuit seeks damages resulting from a series of inspections that MII and its agents performed at DuPont's Louisville, Kentucky facility.  On June 25, 2007, MII filed a claim with Colony requesting defense and indemnity under several policies of insurance including policy number GL120585 ("the Policy").  The underlying DuPont lawsuit was brought in Delaware pursuant to a choice of venue provision contained in the DuPont inspection contract.

2.04.  On December 20, 2007, Plaintiff Colony Insurance Co. filed this lawsuit against Mechanical Integrity, Inc. seeking a declaratory judgment concerning Colony's duty to defend and duty to indemnify under the terms of the Policy.  Colony contends that this Court has personal jurisdiction over MII pursuant to the Delaware Long Arm Statute contained at 10 Del. C. § 3104 and contends that subject matter jurisdiction is afforded solely on the principal of diversity jurisdiction.

2.05. At all times material , MII was a resident of Humble, Harris County, Texas and Colony was a Virginia resident. *See Exhibit 'A.'*

2.06. MII has never had any contacts with Delaware whatsoever other than defending itself against the claims asserted by DuPont. *See id.* MII is not a Delaware resident and it has never conducted any business in Delaware. *Id.* MII has no employees, agents, or offices in Delaware and does no advertising in Delaware. *Id.*

2.07. This lawsuit involves a policy of insurance that was issued by Colony in Texas. *Id.* MII solicited the insurance policy from its Humble, Texas offices and all communications concerning the Policy were generated by MII from Humble, Harris County, Texas. *Id.*

## C.    *Argument and Authorities*

2.08. This Court has held that determining whether the District of Delaware has personal jurisdiction over MII involves a two-step analysis. *See Moore v. Little Giant Indus., Inc.*, 513 F.Supp. 1043, 1046 (D.C. Del. 1981). The Court "must first determine whether the Delaware long-arm statute, 10 Del. C. § 3104, provides for jurisdiction in this case, a question of statutory construction." *Id.* If the Court satisfies that inquiry, it must then "decide

whether exercise of that jurisdiction would offend the Due Process Clause of

the Fourteenth Amendment." *Id* (*citing Beaty v. M.S. Steel Co.*, 401 F.2d 157, 159

(4th Cir. 1968)).

## 1.     *The Delaware Long Arm Statute Does NOT Confer Jurisdiction*

2.09.   The Delaware long-arm statute "sets out a number of grounds on

which jurisdiction can be asserted." *Id.* The statute provides as follows:

(c)   As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

   (1)   Transacts any business or performs any character of work or service in the State;

   (2)   Contracts to supply services or things in this State;

   (3)   Causes tortious injury in the State by an act or omission in this State;

   (4)   Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

   (5)   Has an interest in, uses or possesses real property in the State; or

   (6)   Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. § 3104(c).

2.10. Plaintiff does not specify which of the above-enumerated provisions it is relying upon as its basis for this Court's jurisdiction over MII. For purposes of this Motion, MII will discuss each provision since none of them apply to these facts.

*a.    MII Has Never Transacted Business or Conducted Services in Delaware*

2.11.   It is clear from Mr. Lowenhaupt's affidavit that MII has never had any business contacts with Delaware whatsoever. *See Exhibit 'A.'* Further, MII has no employees, agents, or offices in Delaware and does no advertising in Delaware.  *Id.*  MII has never conducted any business in Delaware and has never provided any services in the State of Delaware.  *Id.*

*b.    MII Has Never Contracted to Supply Services or Things In Delaware*

2.12.  MII has established that it has never had any contacts, including any contracts to supply goods or services, in Delaware whatsoever other than defending itself against the claims asserted by DuPont. *See Exhibit 'A.'*

*c.    MII Has Never Caused Injury to Delaware By Tortious Conduct in State*

2.13.  Since MII has never had any business activities in Delaware, it has likewise, never caused any injury to Delaware by committing any tortious

conduct in the State. *See Exhibit 'A.'*

    *d.    MII Does Not Regularly Do Or Solicit Business in Delaware, Nor Does It Derive Substantial Revenue From Services Or Goods Consumed in the State*

2.14. As Mr. Lowenhaupt describes in his affidavit, MII has conducted no business and has no business contacts with Delaware. *See Exhibit 'A.'* In fact, MII has derived absolutely no revenue from operations in Delaware. *Id.* MII has never sold any goods or services that were consumed in Delaware. *Id.*

    *e.    MII Does Not Own Any Property in Delaware*

2.15. MII is a Texas corporation and owns property only in the State of Texas. *Id.* MII has never owned property in Delaware and has no interest in any Delaware property. *Id.*

    *f.    MII Is Not An Insurer*

2.16. MII has never contracted to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State of Delaware. *Id.*

2.17. It is well settled that each of the provisions cited in the Delaware Long-Arm Statute will "independently support jurisdiction." *Moore*, 513 F.Supp. at 1047. However, in this case, none of the long-arm provisions apply.

As a result, plaintiff has failed to establish that this Court has personal jurisdiction over MII and, as a result, MII must be dismissed from this litigation.

### 2.    *No Fair Play or Due Process*

2.18.  The Court's assumption of jurisdiction over Defendant MII will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process.  *See International Shoe Co. v. Washington,* 326 U.S. 319, 316 (1945).

2.19.  The Court should weigh the following factors when determining whether to decline jurisdiction over a party: 1) the burden on the defendant, 2) the interests of the forum state in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the efficient resolution of controversies between the states, and 5) the shared interests of the states in furthering fundamental, substantive social policies.  *Asahi Metal Indus. v. Supreior Ct.,* 480 U.S. 102, 113 (1987).

2.20.  The burden on MII is great.  All of the witnesses, files, documents, and other information germane to the defendant's defense remain in Texas.  *See Exhibit 'A.'*  Further, there are no interests that Delaware must protect by

keeping MII in this forum. The most efficient resolution of this controversy would be to require Colony to maintain a cause of action that it may have against MII in the Texas courts.

2.21. If the Court denies this Motion, it will assume jurisdiction over a defendant and will allow Colony to prosecute suit in the forum state even though it could obtain the same or similar relief in Texas where the plaintiff could sue and obtain relief. The assumption of personal jurisdiction over this defendant serves no interest of this district court.

## Conclusion

2.22. Defendant has no minimum contacts with Delaware. In fact, it has no contacts with Delaware other than defending itself in the lawsuit filed by DuPont in Delaware pursuant to a choice-of-venue clause in a written contract for work performed in Louisville, Kentucky. The Court's assumption of jurisdiction over this defendant will offend traditional notions of fair play and substantial justice and will be inconsistent with due process of law. For these reasons, MII asks the Court to dismiss all of Colony's claims.

### III.

### MOTION TO TRANSFER VENUE

3.01. In the unlikely event that this Court determines that it has personal jurisdiction over the parties, MII requests that this Court transfer venue to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(a).

3.02. MII incorporates the above-cited facts by reference herein.

3.03. Colony asserts that, based upon diversity of citizenship, venue is proper in this Court. However, it is well settled that when the only ground of federal jurisdiction is diversity of citizenship, and no separate statute provides as specific venue, 28 U.S.C. § 1391(a) governs the choice of venue. *See Decker Coal Co. v. Commonwealth Edison Co*, 805 F.2d 834, 841 (9th Cir. 1986).

3.04. In cases where diversity is the exclusive ground of jurisdiction, the following are permissive options for venue:

> a. Where any defendant resides, if all defendants resident is the same state. 28 U.S.C. § 1391(a)(1);
>
> b. Where a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of the property at issue is situated. *Id* at 1391(a)(2); or

    c. Where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district where the action may otherwise be brought. *Id* at 1391(a)(3).

3.05. Given the above-cited provisions, venue can only be proper in Texas. It is undisputed that MII is a Texas corporation with its principal place of business in Humble, Harris County, Texas. *See Exhibit 'A.'* It is further established that the Policy made the basis of this lawsuit was issued in Texas to a Texas corporation and that all of the acts or omissions complained of were committed either in Texas or Kentucky and affect only land situated in Kentucky. *Id.* As a result, Delaware is not, and cannot, be a place of proper venue. MII requests that this Court transfer venue from the District of Delaware to the Southern District of Texas, Houston Division- a place of proper venue.

## IV.

### DEFENDANT'S ORIGINAL ANSWER

Subject to the Motion to Dismiss set forth above, Defendant MII answers Colony's Complaint as follows:

4.01. Complaint Paragraph 1 does not contain any averments requiring a response from MII.

4.02.  In response to Complaint Paragraph 2, MII is without sufficient knowledge to form a belief about the truth of the averments contained therein.

4.03.  In response to Complaint Paragraph 3, MII admits the averments contained therein.

4.04.  In response to Complaint Paragraph 4, MII denies that this Court has subject matter jurisdiction over this action for the reasons set forth in detail above.

4.05.  In response to Complaint Paragraph 5, MII denies that this Court has personal jurisdiction over MII.

4.06.  In response to Complaint Paragraph 6, MII denies that venue is proper.

4.07.  In response to Complaint Paragraph 7, MII admits that it was sued by E.I. DuPont de Nemours and Company in civil action number 07-346 on June 1, 2007.

4.08.  In response to Complaint Paragraph 8, MII denies that the 2004 contract between MII and DuPont required MII to perform an inspection of approximately 3,600 feet of pipeline used to transport chloroform, a hazardous material, to DuPont's Louisville, Kentucky facility.  MII further denies that a

serious leak in the pipeline was caused by MII's alleged failure to properly conduct the inspection. MII further denies that DuPont was forced to expend over $2,000,000 to remediate the area where the leak occurred. MII denies the remainder of Complaint Paragraph 8.

4.09.  In response to Complaint Paragraph 9, MII admits that Colony issued and had in full force and effect policies of insurance to MII. MII denies that policy number GL120585 was the only policy of insurance issued by Colony and in full force and effect during the pertinent times.

4.10.  In response to Complaint Paragraph 10, MII admits that it made a claim with Colony requesting defense and indemnity pertaining to the DuPont suit.

4.11.  In response to Complaint Paragraph 11, MII admits that Colony policy number GL120585 contains a provision entitled Hazardous Materials Exclusion, but MII denies that this provision has the effect alleged by Colony.

4.12.  In response to Complaint Paragraph 12, MII admits that Colony policy number GL120585 contains a provision entitled Professional Services Exclusion, but MII denies that this provision has the effect alleged by Colony.

4.13.  In response to Complaint Paragraph 13, MII denies the averments

in their entirety.

4.14.  In response to Complaint Paragraph 14, MII denies the averments in their entirety.

4.15.  In response to Complaint Paragraph 15, MII denies the averments.

4.16.  In response to the Prayer, MII denies that Colony is entitled to the requested relief.

4.17.  MII generally denies any averment that is not expressly admitted.

### Defenses

4.18.  Defendant relies upon all defenses derived from their Motion to Dismiss.

4.19.  Defendant relies upon any other defense as developed by the facts and evidence received by the Court.

4.20.  Defendant asserts that it sought to acquire, and understood that it had acquired, insurance coverage that would cover the alleged, but denied, claims made by DuPont against MII.  MII paid premiums to Colony for this representation and promised coverage.  MII, moreover without limitation, would not have entered into the contract with DuPont and performed under the contract if there was no coverage as now alleged by Colony.

4.21.  Defendant denies that the Hazardous Substances and Professional Services exclusions apply to deny Colony's duty to defend or duty to indemnify.

4.22.  Defendant will seek in the Court of appropriate jurisdiction recovery of damages, fees, and costs for breach of the insurance policy by Colony and for the failure to comply with the duties to defend and indemnify under the insurance contract.

Mechanical Integrity, Inc. prays that the Court dismiss the claims of Colony, alternatively that the Court grant a take nothing judgment on those claims, and that the Court grant Mechanical Integrity, Inc. all other whole, partial, general, specific, legal, equitable, statutory or other available relief.

Respectfully submitted,

**MAURICE BRESENHAN, JR.**
Texas Bar No. 02959000
1177 West Loop South, Suite 1100
Houston, Texas 77027
(713) 965-9969/(713) 96309169 (Fax)
**ATTORNEY-IN-CHARGE FOR THIRD-PARTY**
**DEFENDANTS**

**OF COUNSEL:**
Zukowski, Bresenhan & Sinex, L.L.P.
1177 West Loop South, Suite 1100
Houston, Texas 77027
(713) 965-9969
(713) 963-9169 [Telecopier]

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 83.5

I hereby certify that the undersigned has reviewed Local Rule 83.5 and will affiliate with Delaware counsel within the requisite thirty (30) days from the date of this filing. In accordance with the Rule, Delaware counsel will make all further and necessary filings with this Court and will attend all hearings and conferences on behalf of Mechanical Integrity, Inc.

Maurice Bresenhan, Jr.

## CERTIFICATE OF SERVICE

I hereby certify service of a true and correct copy of this response on March 3, 2008 as follows:

Daniel L. McKenty
Krista E. Butler
Heckler & Frabizzo
800 Delaware Ave., Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
**Via Facsimile: 302-573-4806,**
**Via E-mail dmckenty@hfddel.com, and**
**Via Certified Mail, R.R.R.**

# EXHIBIT 'A'

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLONY INSURANCE CO. | )( | |
| | )( | **CASE NO. 1:07-CV-00834** |
| vi. | )( | |
| | )( | **DECLARATORY JUDGMENT** |
| MECHANCIAL INTEGRITY, INC. | )( | **ACTION** |

## AFFIDAVIT OF HARRIS LOWENHAUPT

**STATE OF TEXAS**          §

                           §

**COUNTY OF HARRIS**        §

On this day, HARRIS LOWENHAUPT personally appeared before me and after being sworn to tell the truth, stated the following:

1.    "My name is HARRIS LOWENHAUPT. I am over the age of 18 years and know of no reason why I am not competent to give this Affidavit. I have personal knowledge of the facts recited in this Affidavit and they are true and correct based on my personal knowledge. I have reviewed Defendant's Motion to Dismiss and Motion to Transfer Venue filed in this matter for which this Affidavit is given, and I can state that the facts recited in that Motion are true and correct.

2.    I have been functioning as the Chief Operating Officer of Mechanical

Integrity, Inc. (hereinafter "MII"). On June 1, 2007, MII was sued in the District Court of Delaware in Civil Action No. 07-346 styled *E.I. DuPont de Nemours and Company v. Mechanical Integrity, Inc.* The lawsuit seeks damages resulting from a series of inspections that MII and its agents performed at DuPont's Louisville, Kentucky facility.

3.     On June 25, 2007, MII filed a claim with Colony requesting defense and indemnity under several policies of insurance including policy number GL120585 ("the Policy"). The underlying DuPont lawsuit was brought in Delaware pursuant to a choice of venue provision contained in the DuPont inspection contract.

4.     On December 20, 2007, Plaintiff Colony Insurance Co. filed this lawsuit against Mechanical Integrity, Inc. seeking a declaratory judgment concerning Colony's duty to defend and duty to indemnify under the terms of the Policy.

5.     MII is a Texas corporation. MII was, and continues to be, a resident of Humble, Harris County, Texas located in the greater-Houston area. MII's principal place of business located at 1423 First St., Suite A, Humble, Texas 77338.

6.     MII has never had any contacts with Delaware whatsoever other than defending itself against the claims asserted by DuPont. MII is not a Delaware resident and it has never conducted any business in Delaware. MII has no employees, agents, or offices in Delaware and does no advertising in Delaware.

7.     This lawsuit involves a policy of insurance that was issued by Colony in Texas. MII solicited the insurance policy from our Humble, Texas, offices and all communications concerning the insurance policy were generated by MII from Humble, Harris County, Texas.

8.     MII has never provided any services in the State of Delaware. MII has never had any contracts to supply goods or services in Delaware. MII has never caused any injury to Delaware by committing any tortious conduct in the State. MII has derived absolutely no revenue from operations in Delaware since MII has never sold any goods or services that were consumed in Delaware. MII owns property only in the State of Texas and has never owned property in Delaware and has no interest in any Delaware property. MII has never contracted to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State of Delaware.

9.     If MII is required to defend itself in this Delaware Court, it will pose a great burden on MII. All of MII's employees, files, witnesses, documents, and other information that will be used to develop defenses are located in Texas. Further, MII will be required to travel to Delaware and will be forced to have employees miss work for hearings, trial, and other mandated court appearances. As a relatively small business, this will pose a tremendous financial and scheduling burden on MII.

Further Affiant sayeth not."



HARRIS LOWENHAUPT

SUBSCRIBED AND SWORN TO BEFORE ME on _March 3rd, 2008_,
2008, to certify which witness my hand and seal of office.

AALIA ALI
Notary Public, State of Texas
My Commission Expires
AUGUST 16, 2009

Notary Public in and for State of Texas



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL ™

7006 2760 0000 2922 7053

**ZUKOWSKI, BRESENHAN & SINEX, L.L.P.**
ATTORNEYS AT LAW
SUITE 1100
1177 WEST LOOP SOUTH
HOUSTON, TEXAS 77027

TO

Peter T. Dalleo, Clerk
United States District Court
District of Delaware
844 N. King Street
Wilmington, Delaware 19801