IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| | ) | C. A. No. 07-834-SLR/LPS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MECHANICAL INTEGRITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MECHANICAL INTEGRITY, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL
<u>JURISDICTION AND/OR IMPROPER VENUE</u>**

FERRY, JOSEPH & PEARCE, P.A.

<u>/s/Robert K. Pearce</u>
ROBERT K. PEARCE, ESQ (ID # 191)
824 Market Street, Suite 904
Wilmington, DE 19899
(302) 575-1555
rpearce@ferryjoseph.com
Attorney for Defendant
Mechanical Integrity, Inc.

OF COUNSEL:
Zukowski, Bresenhan & Sinex, L.L.P.
Maurice Bresenhan, Jr.
Pascal Paul Piazza
Matthew T. Noll
1177 West Loop South, Suite 1100
Houston, Texas 77027

Date:   April 18, 2008

## **TABLE OF CONTENTS**

                                                                                            **Page**

TABLE OF AUTHORITIES ............................................................. ii

SUMMARY OF ARGUMENT ............................................................ 1

ARGUMENT ............................................................................... 2

CONCLUSION ............................................................................ 7

# TABLE OF AUTHORITIES

**Cases**                                                       **Page**

*American Cas. Co. of Reading Pennsylvania v.*
*River's Edge Pharmaceuticals, LLC,*
2006 WL 62819 (W.D. Tex. 2006) (not reported in F. Supp. 2d) .......................... 3

*Chung v. NANA Development Corp.,*
783 F.2d 1124 (4th Cir. 1986) ............................................. 4

*Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners,*
229 F.3d 448 (4th Cir. 2000) ............................................. 3,4

*LaNuova &B,Sp.A. v. Bowe Co., Inc.,*
513 A.2d 764, 768 (Del. 1986) ........................................... 3

*New York Marine Managers, Inc. v. Maitland Bros. Co.,*
746 F. Supp. 95 (S.D. Fla. 1990) ........................................ 4

*North American Phillips Corp v. American Vending Sales, Inc.,*
35 F.3d 1576 (Fed. Cir. 1994) ........................................... 3

*Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.,*
376 F. Supp.2d 571, 574 (D. Del. 2005) ................................. 2

## **SUMMARY OF THE ARGUMENT**

E.I. Dupont de Nemours and Company ("DuPont") sued MII for damages resulting from an inspection that was performed by MII at Dupont's Louisville, Kentucky facility.

Colony has not met its burden of showing that jurisdiction over this matter is proper in Delaware. It cannot show that MII has ANY ties with Delaware unique and distinct from the DuPont lawsuit. The subject policy of insurance was procured by MII and written by Colony in Texas. The coverage issues arise from an inspection performed by MII in Louisville, Kentucky. All of the witnesses and persons with knowledge of relevant facts reside in either Texas or Kentucky.

Colony is impermissibly attempting to use the fact that MII requested defense and indemnity in the underlying lawsuit to demonstrate that jurisdiction in this declaratory judgment action is also proper in Delaware. Colony's position is contrary to well-settled federal case law.

Federal cases involving these same facts have established that simply demanding a defense in an underlying lawsuit DOES NOT confer jurisdiction over the insured in a related declaratory judgment action brought by the insurer. The insurer bears the burden of establishing that minimum contacts exist tying the insured to the forum state separate and apart from the underlying litigation for which coverage was requested.

For these reasons, this Court would be violating MII's Due Process rights by requiring its defense to this lawsuit in Delaware.

1

## ARGUMENT

**A.     *Colony Cannot Establish Independent Jurisdictional Contacts- MII Simply Does NOT Conduct Business in Delaware***

In its Response, Colony argues that MII is subject to personal jurisdiction for two reasons: 1) MII sold its services to Delaware residents: namely DuPont; and 2) MII offered its services to Delaware residents through its website. Taking these arguments in reverse order, (1) Colony cannot support any cognizable minimal contacts through MII's website, and (2) Colony cannot, as a matter of law, rely upon the alleged facts of the underlying suit for which defense and liability are sought from Colony to establish the necessary minimum contacts.

Colony's Response cites to ***only one alleged contact*** that MII has with Delaware outside of the DuPont litigation- its website. In fact, Colony attaches a printed page from MII's website and represents that the "site does not have geographical restrictions and allows purchases from all fifty states within the U.S." *See Colony's Response at p. 9, Appendix E.*

The Third Circuit is clear that "***the mere maintenance of an interactive website is insufficient to support personal jurisdiction*** in the absence of evidence indicating that the website operator intentionally aims the website at the forum state or knowingly conducts business with forum residents via the website." *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F.Supp.2d 571, 574 (D. Del. 2005) (emphasis added).

Colony has presented no such evidence. In fact, included in the Appendix is a color copy of the printed page from MII's website. The page is interactive, and it shows MII operations using color-coded geographical areas. *Id.* While Delaware is depicted on the map, along with the other 49 states, the areas that are color coded to depict operational areas include only Canada, Texas, Oklahoma, Arkansas, Louisiana, and Southeast US (Mississippi, Alabama, Florida, Georgia, Tennessee, Kentucky, South Carolina, North Carolina, Virginia, and Ohio). *Id.*

2

Additionally, Colony can present this Court with no evidence, other than the DuPont litigation, whereby MII has conducted business operations in Delaware. On page 14 of its Brief, Colony alleges that MII caused tortious conduct in Delaware pursuant to §3104(c)(3) merely by selling its services to a Delaware corporation, even though the allegedly tortious act itself indisputably occurred in Kentucky. Colony cites several cases in support of its argument, none of which actually bolster Colony's case. Colony mentions *LaNuova &B,Sp.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 (Del. 1986) for the proposition that "a single act or omission in the state in which the injury was caused will suffice" to establish jurisdiction under §3104(c)(3) (emphasis added). Colony ignores the fact that the allegedly tortious conduct did not occur in Delaware; if it happened at all, it occurred in Kentucky. Pursuant to the contract in the underlying action, MII provided inspection services for a DuPont facility in Kentucky; there was no activity in Delaware. Accordingly, there was no "single act or omission" in Delaware from which a Delaware Court could obtain personal jurisdiction over MII. Colony's reliance on *North American Phillips Corp v. American Vending Sales, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994) is equally misplaced. Colony cites the *Phillips* court's statement that a tort occurs "where allegedly tortious sales are made," but again fails to recognize that no tortious conduct occurred in Delaware. The sale in the underlying action was for services to be provided wholly in the state of Kentucky.

Although no Third Circuit case law could be found directly on point, the Fourth Circuit has addressed similar circumstances. In *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448 (4th Cir. 2000), a Virginia corporation brought a breach of contract action in the District Court for the Eastern District of Virginia against an Ohio corporation. The contract between the two parties was negotiated and executed in Ohio, the contract called for the obligations of both parties to be provided in Ohio, and the Ohio-based defendant had conducted no other business in Virginia. *Id.* at 450-51. In light of these facts, the Virginia court held that the defendant

3

did not have the minimum contacts necessary for the court to exercise jurisdiction over it. See also *Chung v. NANA Development Corp.*, 783 F.2d 1124 (4th Cir. 1986)(holding that an Alaska corporation that sold goods to a Virginia resident did not have the minimum contacts required to subject it to personal jurisdiction in Virginia.)

In the instant case, all of the services to be provided by MII were to be undertaken in Kentucky. As is made clear by *Diamond Healthcare* and *Chung*, the mere fact that MII's services were purchased by a Delaware resident, where MII had no other connection with Delaware, is not enough to subject MII to personal jurisdiction in Delaware. Moreover, as is discussed in detail below, participation in a lawsuit in Delaware does not satisfy Colony's burden.

**B.     *Request By Nonresident for Defense and Indemnity is NOT Sufficient to Confer Jurisdiction Over Nonresident in Declaratory Judgment Action***

On page 10 of its Brief, Colony acknowledges that the conduct which serves as the basis for the complaint must arise from MII's activities in the forum state. Yet, MII's only activity in the forum state is the defense of the underlying DuPont lawsuit that is pending in a Delaware court. After an exhaustive search, no applicable Delaware case law was found that supports Colony's position. Instead, both Florida and Texas federal courts have independently addressed this issue and both have concluded that a request for a defense and participation in an underlying lawsuit in the forum state is not sufficient to confer jurisdiction in the forum state in a declaratory action seeking to construe the terms of the applicable insurance policy.

- ***The River's Edge Case***

*American Cas. Co. of Reading Pennsylvania v. River's Edge Pharmaceuticals, LLC*, 2006 WL 62819 (W.D. Tex. 2006) (not reported in F. Supp. 2d) provides the starting point and rejects Colony's argument. River's Edge, a Georgia Corporation, was sued in Texas by Texas residents for alleged tortious conduct that occurred in New Mexico. *Id* at *1. River's Edge

4

requested indemnification and defense from American Casualty, a Pennsylvania Insurance company. *Id*. River's Edge participated in its defense in Texas and American Casualty filed a declaratory judgment action in Texas to construe the parties' rights and responsibilities under the insurance contract. *Id*.

> When confronted with these facts, the Texas federal court determined that:
>
> > the only act which [the insured] has directed at [the forum state] is to ask plaintiff to defend and indemnify it in a lawsuit filed against it in [the forum state] by a [forum state] resident," that act alone is "not sufficient to provide a basis for jurisdiction [in the declaratory judgment action] absent a showing of minimum contacts between Defendants and the forum state."

Id at *10-11.

- ### *The Maitland Bros. Co. Case*

*New York Marine Managers, Inc. v. Maitland Bros. Co.* 746 F.Supp. 95 (S.D. Fla. 1990) provides a book-end case and confirms the legal error in Colony's argument. Maitland Bros. Co., a Pennsylvania corporation, suffered a loss in Florida resulting from tortious conduct that occurred when its ship ran aground while en route from Massachusetts to Alabama. *Id* at 96-97. Other than the renegade vessel running ashore in Florida, Maitland "had practically nothing to do with the State of Florida." *Id* at 98. Maitland submitted an insurance claim to New York Marine Managers, a New York corporation, for the damage caused the vessel. *Id*. New York Marine Managers initiated a declaratory judgment action in Florida to construe the terms of the applicable insurance contract. *Id*.

> The Florida federal district court analyzed the facts and clearly determined that:
>
> > **[t]he grounding is not the subject matter of the instant action**. The court finds that forcing the Pennsylvania defendant to litigate **this contract dispute** before this court would not be fair to the defendant.

*Id*.

These cases form the basis of a very clear jurisprudential principle. Declaratory judgment actions regarding insurance policies are contract disputes. The subject matter is the policy and NOT the underlying tortious conduct that may or may not have taken place in the forum state. In order to confer jurisdiction in the forum state in a declaratory judgment action, an insurer must establish grounds independent of the underlying litigation and any requests for defense or indemnity resulting from that suit.

### C. *The Prudential Factors Defeat Colony's Argument*

Colony does not refute the overlapping prudential factors that both defeat personal jurisdiction and alternatively establish venue outside Delaware. MII will not repeat the prior discussion of the prudential factors, but notes (1) that Colony cannot and did not refute that discussion, and (2) that any witnesses who reside in Delaware and work for DuPont have nothing to do with the interpretation of the insurance contract at issue. In fact, the witnesses who have knowledge of the underlying facts on which Colony seems to rely are based in Kentucky, rather than Delaware. Additionally, those witnesses who DO have knowledge of the insurance policy and contract are likely those of MII (located in Texas) and those of Colony (located in other states, but certainly not Delaware).

## CONCLUSION

For the foregoing reasons, MII respectfully requests that this Court grant MII's motion to dismiss for lack of personal jurisdiction or, in the alternative, grant MII's motion to transfer venue.

                                                  FERRY, JOSEPH & PEARCE, P.A.

                                                  /s/Robert K. Pearce
                                                  ROBERT K. PEARCE, ESQ (ID # 191)
                                                  824 Market Street, Suite 904
                                                  Wilmington, DE 19899
                                                  (302) 575-1555
                                                  rpearce@ferryjoseph.com
                                                  Attorney for Defendant
                                                  Mechanical Integrity, Inc.

OF COUNSEL:
Zukowski, Bresenhan & Sinex, L.L.P.

Maurice Bresenhan, Jr.
Pascal Paul Piazza
Matthew T. Noll
1177 West Loop South, Suite 1100
Houston, Texas 77027

Date:   April 18, 2008

## CERTIFICATE OF SERVICE

      I, Robert K. Pearce, Esquire do hereby certify that on April 18, 2008, I electronically filed the foregoing **Defendant Mechanical Integrity's Reply Brief** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Daniel L. McKenty, Esquire
Krista E. Butler, Esquire
Heckler & Frabizzio
The Corporate Plaza
800 Delaware Avenue, Suite 200
P. O. Box 128
Wilmington, DE 19899-0128

                          /s/Robert K. Pearce
                          Robert K. Pearce (I.D. No. 191)

Dated: April 18, 2008