IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLONY INSURANCE COMPANY, ) | |
| ) | C. A. No. 07-834-SLR/LPS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MECHANICAL INTEGRITY, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT MECHANICAL INTEGRITY, INC.'S MOTION TO SUPPLEMENT ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE**

Defendant Mechanical Integrity, Inc., by and through its undersigned attorneys, hereby moves to supplement its Reply Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue, and in support thereof, states the following:

1. On March 6, 2008, Defendant Mechanical Integrity, Inc. ("MII") filed a motion to dismiss this action based on lack of personal jurisdiction and/or improper venue.

2. Colony Insurance Co. ("Colony") filed its Response to MII's motion on April 8, 2008. In its Response, Colony emphasized the fact that the underlying action had been filed in the Delaware District Court to argue that MII was subject to personal jurisdiction in Delaware in the instance declaratory action.

3. On April 18, 2008, MII filed its Reply Brief in Support of its Motion to Dismiss, arguing that it did not have the minimum contacts necessary to submit it to personal jurisdiction in Delaware, and that the mere fact that the underlying action had been filed in Delaware would not suffice to provide the requisite minimum contacts.

4. After MII filed its Reply Brief, the parties in the underlying action filed a Joint Stipulation and Order to Transfer in which the parties agreed that the underlying action would be transferred to the Western District of Kentucky. *See* Joint Stipulation and Order to Transfer dated April 22, 2008, attached hereto as Exhibit A.

5. The Joint Stipulation and Order to Transfer ("the Joint Stipulation") states, *inter alia*:

> 4. Moreover, the balance of convenience and interests of justice strongly favor transfer. The events which led to this lawsuit occurred in Kentucky, and all relevant records and many of plaintiff's witnesses are located in Kentucky....
>
> 5. Another important public interest factor to be considered is the efficient use of judicial resources. *See Kirschner Borthers Oil, Inc. V. Pannill*, 697 F.Supp. 808, 808 (D.Del. 1988). The Western District of Kentucky also has a significantly greater interest in the outcome of this litigation because the underlying inspection of the Plant occurred there. Finally, transfer to the Western District of Kentucky would promote a more efficient use of judicial resources. Failure to transfer the case to Kentucky would result in multiple lawsuits arising out of the same operative set of facts....

6. As the Joint Stipulation makes clear, the underlying action had only been filed in Delaware because the contract between Dupont and MII had a choice of law provision specifying that Delaware law would control any disputes involving that specific contract. MII had no other contacts with Delaware, and certainly did not have the minimum contacts necessary to subject it to personal jurisdiction in the instant declaratory judgment action. Indeed, as agreed by the parties in the underlying action, the events which led to that lawsuit occurred in Kentucky, all relevant records are in Kentucky, most of the witnesses are in Kentucky, and the Western District of Kentucky has a "significantly greater" interest in the outcome of the litigation than Delaware. Accordingly, Colony's reliance upon the fact that the underlying action had been filed in Delaware as justification for its argument that this Court has personal jurisdiction over MII in the

case at bar is entirely misplaced.

    WHEREFORE, Defendant Mechanical Integrity, Inc. hereby respectfully requests that it be permitted to supplement its Reply Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue to include the aforementioned information regarding the Joint Stipulation and Order to Transfer issued on April 22, 2008.

        FERRY, JOSEPH & PEARCE, P.A.

        /s/Robert K. Pearce
        ROBERT K. PEARCE, ESQ (ID # 191)
        824 Market Street, Suite 904
        Wilmington, DE 19899
        (302) 575-1555
        rpearce@ferryjoseph.com
        Attorney for Defendant
        Mechanical Integrity, Inc.

OF COUNSEL:
Zukowski, Bresenhan & Sinex, L.L.P.
Maurice Bresenhan, Jr.
Pascal Paul Piazza
Matthew T. Noll
1177 West Loop South, Suite 1100
Houston, Texas 77027

Date: May 5, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| | ) | C. A. No. 07-834-SLR/LPS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MECHANICAL INTEGRITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, TO-WIT, this _____ day of _____, 2008, the foregoing Motion to Supplement having been presented to and considered by the Court,

IT IS HEREBY ORDERED that Defendant Mechanical Integrity, Inc.'s motion is GRANTED, and it is granted leave to supplement its Reply Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue to include information regarding the Joint Stipulation and Order to Transfer signed on April 22, 2008 in *E.I.DuPont de Nemours and Company v. Mechanical Integrity*, C.A. No. 07-346-SLR.

_____
United States District Court Judge

## CERTIFICATE OF SERVICE

     I, Robert K. Pearce, Esquire do hereby certify that on May 5, 2008, I electronically filed the foregoing **Defendant Mechanical Integrity, Inc.'s Motion to Supplement its Reply Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Daniel L. McKenty, Esquire  
Krista E. Butler, Esquire  
Heckler & Frabizzio  
The Corporate Plaza  
800 Delaware Avenue, Suite 200  
P. O. Box 128  
Wilmington, DE 19899-0128  


                                   /s/Robert K. Pearce  
                                   Robert K. Pearce (I.D. No. 191)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 07-346 SLR |
| MECHANICAL INTEGRITY, INC., | ) ) ) | |
| Defendant. | ) | |

## JOINT STIPULATION AND ORDER TO TRANSFER

The parties hereto, by and through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, to the transfer of the above-captioned case from this Court to the U.S. District Court for the Western District of Kentucky (Louisville Division), pursuant to 28 U.S.C. Section 1404(a). The grounds upon which the proposed transfer of this case are based are as follows:

1. This is an action for breach of contract, misrepresentation and fraud which was brought by plaintiff E. I. du Pont de Nemours & Company ("DuPont") against defendant Mechanical Integrity, Inc. ("MI") arising from a pipeline inspection performed at DuPont's Louisville, Kentucky plant. (D.I. 1) MI filed a third party complaint against NDT Equipment Services LTD ("NDT") and Mike Walker ("Walker") on October 19, 2007, alleging that NDT and Walker were subcontracted to perform the inspection. (D.I. 20) Walker has been voluntarily dismissed from the third party action and NDT has moved to dismiss the third party complaint on grounds that this Court lacks personal jurisdiction over it. (D.I. 28)

2. Section 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) is designed "to avoid the waste of time, energy, and money to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)(internal citations omitted). The parties seek the transfer of this action to the U. S. District Court that will be able to exercise personal jurisdiction over all parties, and potential parties, that are necessary to the resolution of this case.

3. This case may be transferred to the Western District of Kentucky because it could have originally been brought there. The Western District of Kentucky (1) can exercise diversity subject matter jurisdiction over the dispute; (2) can exercise personal jurisdiction over all the parties and potential parties; and (3) would be a proper venue as the district in which the pipeline inspection occurred. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp.2d 192, 196 (D. Del. 1998).

4. Moreover, the balance of convenience and interests of justice strongly favor transfer. The events which led to this lawsuit occurred in Kentucky, and all relevant records and many of plaintiff's witnesses are located in Kentucky. Most importantly, however, Walker and NDT may only be available for service of process in Kentucky. *See Affymetrix*, 28 F. Supp. 2d at 203 ("[T]he location of potential witnesses, and, thus, their ability to be subject to compulsory process has weighed heavily in the 'balance of convenience' analysis")(citations omitted).

5. Another important public interest factor to be considered is the efficient use of judicial resources. *See Kirschner Brothers Oil, Inc. v. Pannill*, 697 F. Supp. 804, 808 (D. Del. 1988). The Western District of Kentucky also has a significantly greater interest in the outcome of this litigation because the underlying inspection of the Plant occurred there. Finally, transfer to the Western District of Kentucky would promote a more efficient use of judicial resources. Failure to transfer the case to Kentucky would result in multiple lawsuits arising out of the same

operative set of facts. If this case was not transferred, DuPont's lawsuit against MI would continue to be heard by this Court. However, a separate lawsuit against Walker and/or NDT would have to filed by DuPont in the Western District of Kentucky. Not only would this be wasteful of important judicial resources where the two actions could be heard by the Western District of Kentucky, it would also present the potential for inconsistent judicial outcomes. By transferring this lawsuit to the Kentucky Court, judicial resources would be conserved and the potential for inconsistent judgments would be eliminated.

6.  DuPont originally brought this action before this Court because the contract between MI and DuPont contains a provision whereby MI consented and submitted exclusively to the jurisdiction and service of process of the courts of the State of Delaware or the courts of the United States located in Delaware. With DuPont's discovery of NDT's involvement in the inspection of the Louisville plant, which occurred only after filing this action, DuPont believes that NDT is a necessary party to this case. By its consent herein, MI has agreed to waive the Delaware selection provision of its contract with DuPont.

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | REGER RIZZO KAVULICH & DARNALL LLP |
| By: /s/ Kathleen Furey McDonough<br>    Kathleen Furey McDonough (I.D. 2395)<br>    Sarah E. DiLuzio (I.D. 4085)<br>    1313 N. Market Street<br>    Hercules Plaza, 6th Floor<br>    Wilmington, DE 19899-0951<br>    (302) 984-6000 | By: /s/ Louis J. Rizzo<br>    Louis J. Rizzo, Jr. (I.D. 3374)<br>    1001 North Jefferson Street<br>    Suite 202<br>    Wilmington, DE 19801<br>    (302) 652-3611<br><br>*Attorneys for Defendant Mechanical Integrity* |
| *Attorneys for Plaintiff*<br>*E. I. du Pont de Nemours and Company* | |

Dated: March 20, 2008

It is hereby ORDERED this ___ day of _____ that:

1. The parties' Joint Stipulation to Transfer is hereby GRANTED, and

2. The above-captioned matter is hereby TRANSFERRED to the United States District Court for the Western District of Kentucky (Louisville Division).

> The Honorable Sue L. Robinson
> United States District Court Judge

855672

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, ) ) | |
| Plaintiff, ) ) | |
| v. ) | Civ. No. 07-346-SLR |
| MECHANICAL INTEGRITY, INC., ) ) | |
| Defendant and third party plaintiff, ) ) ) | |
| v. ) ) | |
| NDT EQUIPMENT SERVICES LTD., ) ) | |
| Third party defendant. ) | |

**ORDER**

At Wilmington this 22nd day of April, 2008, plaintiff's and defendant's having entered a stipulation to transfer the above captioned case to the United States District Court for the Western District of Kentucky (Louisville Division), pursuant to 28 U.S.C. § 1404(a), the contract at issue involving work performed at plaintiff's Louisville plant (D.I. 47);

IT IS ORDERED that the joint stipulation (D.I. 47) is granted and the case is hereby transferred to the United States District Court for the Western District of Kentucky (Louisville Division). The court reserves judgment on plaintiff's motion to

amend the complaint (D.I. 21) and third party defendant's motion to dismiss (D.I. 28).

_____
United States District Judge