17829/404422

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLONY INSURANCE CO. | ) | |
| | ) | Case No. 07-834 |
| | ) | |
| Plaintiff, | ) | DECLARATORY JUDGMENT |
| | ) | ACTION |
| v. | ) | |
| | ) | |
| MECHANICAL INTEGRITY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

<u>JOINT STIPULATION OF TRANSFER</u>

The parties hereto, by and through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, to the transfer of the above captioned case from this Court to the United States District Court for the Southern District of Texas (Houston Division), pursuant to 28 U.S.C. §1404(a). The grounds upon which the proposed transfer of this case are based are as follows:

1.    This is an action requesting the Court to issue a declaratory judgment such that plaintiff Colony Insurance Company need not indemnify and/or defend Mechanical Integrity, Inc., pursuant to a policy issued from Colony Insurance Company to Mechanical Integrity, Inc., in a suit brought against Mechanical Integrity by E.I. Du Pont de Nemours and Company ("DuPont").

2.    28 U.S.C. §1404(a) provides that, "for the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." <u>Id</u>. 28 U.S.C. §1404(a) is designed to

17829/404422

"avoid the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citations omitted).  The parties seek the transfer of this action to the U.S. District Court that will be most convenient for the parties and witnesses.

       3.     This case may be transferred to the United States District Court for the Southern District of (Houston Division) because it could have been originally brought there. The Southern District of Texas  (Houston Division) (1) can exercise diversity jurisdiction over the dispute; (2) can exercise personal jurisdiction over all the parties; and (3) would be a proper venue as the district in which the insurance policy in dispute was issued and executed.


       4.     Moreover, the balance of convenience and interests of justice strongly favor transfer.  The events, which led to this lawsuit, occurred in Texas, all relevant records and many witnesses are located in Texas.  In fact, this suit was only filed in Delaware because an underlying tort claim was also filed in the District Court of Delaware but has since been transferred to the Western District of Kentucky.

       5.     Another important public interest factor to be considered is the efficient use of judicial resources.  See Kirschner Brothers Oil, Inc. v. Pannill, 697 F. Supp 804, 808 (D. Del. 1988).  The Southern District of Texas (Houston Division) has a significantly greater interest in the outcome of this litigation because the underlying insurance policy was issued and executed in that district.  Finally, transfer to the Southern District of Texas (Houston Division) would promote a more efficient use of judicial resources.

17829/404422

      6.     Colony originally brought this suit before this Court because the underlying tort action was brought in Delaware.  Since this original tort case was transferred, Delaware is no longer a convenient forum.

HECKLER & FRABIZZIO                   FERRY, JOSEPH & PEARCE

/s/ Daniel L. McKenty                   /s/ Robert K. Pearce
DANIEL L. MCKENTY (I.D.2689)     ROBERT K. PEARCE (I.D. 191)
The Corporate Plaza                   824 North Market Street, Suite 904   800
Delaware Avenue, Suite 200            Wilmington, DE  19899
P.O. Box 128
Wilmington, DE  19899-0128

17829 / 405034

17829/404422

It is hereby ORDERED this ___ day of ____ that:

1. The parties' Joint Stipulation of Transfer is hereby GRANTED, and

2. The above captioned matter is hereby TRANSFERRED to the United States

   District Court for the Southern District of Texas (Houston Division).


_____

The Honorable Sue L. Robinson
United States District Court Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THEDISTRICT OF DELAWARE

COLONY INSURANCE CO.        )
                              )    Case No. 07-834
                              )
      Plaintiff,          )    **DECLARATORY JUDGMENT**
                              )    **ACTION**
      v.                )
                              )
MECHANICAL INTERGRITY, INC.   )
                              )
      Defendant.        )

### CERTIFICATE OF SERVICE

I, Daniel L. McKenty, Esquire, of Heckler & Frabizzio, do hereby certify that on the 24th day of July 2008, a true and correct copy of the Joint Stipulation of Transfer was forwarded to the below-listed attorney of record electronic filing to the following:

> Robert Pearce, Esquire
> 824 North Market Street
> Suite 904
> Wilmington, DE 19899

> HECKLER & FRABIZZIO

> /s/ Daniel L. McKenty
> DANIEL L. MCKENTY (I.D. 2689)
> The Corporate Plaza
> 800 Delaware Avenue, Suite 200
> P.O. Box 128
> Wilmington, DE 19899-0128
> (302) 573-4800

17829/405033